IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OTIS HILL, JR, | : |
| Plaintiff, | : |
| VS. | : NO. 5:21-CV-00379-MTT-CHW |
| WARDEN WALTER BERRY, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders and instructions, Plaintiff Otis Hill, Jr., a prisoner currently confined at the Baldwin State Prison in Hardwick, Georgia, has paid the required initial partial filing fee. His claims are now ripe for screening pursuant to 28 U.S.C. § 1915A and § 1915(e). Following the required screening, Plaintiff's failure-to-protect claims against Defendants Whipple, Berry, Whomble, and Martin shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's claims against the Georgia Department of Corrections be **DISMISSED without prejudice.**

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

**I.     Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also

required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts

"to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations

Plaintiff's claims arise from his detention at the Baldwin State Prison ("BSP"). Compl. 5, ECF No. 1. According to the Complaint, the conditions at BSP are extremely violent. *Id.* Plaintiff contends that he has "witnessed many stabbings and deaths" as well as "sexual assaults by inmates and officers ongoing." *Id.* He further states that he witnessed at least one incident where Defendant Martin, a deputy warden, permitted an inmate to keep a knife on his person. *Id.* In addition, he states that inmates who possess drugs and weapons are not punished and that inmates can evade locked doors by climbing through the ceilings. *Id.* Plaintiff also states that he was personally "stabbed and assaulted to the point [his] lung colapsed [sic] and lost large amounts of blood," but he was "then placed back in the same enviro[n]ment where the assault had taken place." *Id.*

Plaintiff thus alleges that his treatment at BSP violates his constitutional rights. As a result, he seeks monetary compensation and injunctive relief. *Id.* at 7.

### III.     Plaintiff's Claims

#### A.     Claims against the Georgia Department of Corrections

To the extent Plaintiff has named the Georgia Department of Corrections ("GDC") as a Defendant in this lawsuit, *see, e.g.,* Compl. 1, ECF No. 1, such claims are subject to dismissal. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Thus, "[t]he Eleventh Amendment bars suits against a state for alleged deprivations of civil liberties unless the state has waived its immunity or 'unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.'" *Robinson v. Ga. Dep't of Transp.,* 966 F.2d 637, 640 (11th Cir. 1992) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66 (1989)). The United States Supreme Court has "concluded that Congress, in passing § 1983, did not intend to override the immunity guaranteed to the states by the Eleventh Amendment." *Id.* (citing *Quern v. Jordan,* 440 U.S. 332, 341 (1979)). And the State of Georgia has not waived its sovereign immunity with respect to cases brought in federal court. *See* Ga. Const. art. I, § II, para. IX(f) ("No waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state . . . by the United States Constitution."); *see also Robinson*, 966 F.2d at 640. The state's immunity is

extended to the GDC, as a state entity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections . . . . This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."); *see also Will*, 491 U.S. at 70 (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983). Plaintiff's claims against the GDC are therefore subject to dismissal.

  B. <u>Eighth Amendment Failure-to-Protect Claims against Individual Defendants</u>

  Plaintiff's Complaint also gives rise to a claim that Defendants failed to protect him from the dangerous conditions at BSP. This type of claim is generally cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that risk. *Id.* at 1332.

  Plaintiff has named four supervisory prison officials as Defendants in this action: Walter Berry, the BSP warden; Regina Whomble, the deputy warden of care and treatment; Eric Martin, the deputy warden of security; and Pretrillion Whipple, the chief counselor. *See* Compl. 1, ECF No. 1. It is well-settled in the Eleventh Circuit that supervisory

officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

In this case, Plaintiff has pleaded facts showing that each of these supervisory prison officials should have been on notice of the need to correct the dangerously unsafe conditions at the jail and failed to do so. Plaintiff alleges that (1) he witnessed multiple stabbings, deaths, and sexual assaults; (2) he was personally assaulted, seriously injured, and then returned to the "same enviorment [sic] where the assault had taken place;" (3) guards ask inmates to "watch their back" while on duty; (4) inmates are able to "climb through ceiling to bypass locked doors"; and (5) Defendant Martin has found knives in other inmates' possession but taken no action. Compl. 5, ECF No. 1. In addition,

Plaintiff states that he has notified "all administration," specifically including Defendants Whipple, Martin, and Berry, about these issues. *See id.* at 4. At this early stage of the litigation, given these allegations, the Court cannot say that Plaintiff's failure-to-protect claims against Defendants Berry, Martin, Whipple, and Whomble are necessarily frivolous. As such, they shall be allowed to proceed for further factual development.

## IV. Conclusion

As discussed herein, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff's failure-to-protect claims against Defendants Whipple, Berry, Whomble, and Martin shall proceed for further factual development. It is **RECOMMENDED** that Plaintiff's claims against the GDC be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Whipple, Berry, Whomble, and Martin, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

**Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 8th day of February, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge