**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **OTIS HILL, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:21-cv-379 (MTT)** |
| ) | |
| **Warden WALTER BERRY, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends granting the defendants' motion to dismiss (Doc. 36).  Doc. 48.  Plaintiff Otis Hill objected.  Doc. 49.  Pursuant to 28 US.C. § 636(b)(1), the Court reviewed de novo the portions of the Recommendation to which Hill objects.  After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 48) is **ADOPTED** and made the Order of the Court.  Accordingly, the defendants' motion to dismiss (Doc. 36) is **GRANTED** and Hill's motion to amend (Doc. 44) is **DENIED**.

The Magistrate Judge recommends granting the defendants' motion to dismiss because Hill failed to exhaust his administrative remedies.  Doc. 48 at 1.  Hill contends that he was not required to exhaust his administrative remedies because the grievance process was unavailable under the first and third exceptions outlined in *Ross v. Blake*.  578 U.S. 632 (2016).  The first *Ross* exception provides that, "an administrative procedure is unavailable when (despite what regulations or guidance materials may

promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. at 643.  The third *Ross* exception provides that an administrative procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 644.

Hill argues that the grievance process operated as a "dead end" because the defendants "process[ed] emergency grievances in a lackluster fashion" and failed to review "corroborating video footage."  Doc. 49 at 2.  As a result, Hill contends that "not a single grievance resulted in any worthwhile change." *Id*.  But "the PLRA requires prisoners to properly complete each step of an available grievance process, even if the process is ultimately futile." *Garcia v. Obasi*, 2022 WL 669611, at *4 (11th Cir. Mar. 7, 2022); *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999).  As the Magistrate Judge highlights, "[t]he record reflects that each grievance was investigated." Doc. 48 at 9 (citing Doc. 36-2).  And a denial or delayed review of a prisoner's grievance does not make the grievance process unavailable. *Wright v. Ga. Dep't of Corr.*, 820 F. App'x 841 (11th Cir. 2020).  Hill contends that his circumstances are distinguishable from *Wright* because he "put forth a slew of facts to support unavailability including analysis of the four grievances in the record, the missing six grievances, the lack of remedies provided by Defendants, Defendants interference in the procurement of untimely grievances, and lack of disinterested investigation to insulate alleged wrongdoers."  Doc. 49 at 3.  While each of these "facts" may indicate that the grievance process was futile, they do not demonstrate that the grievance process was unavailable. *Miller*, 196 F.3d at 1193.  Rather, the administrative process was available to Hill

because he was able to file four grievances.  Doc. 36-2 at 49, 79, 90, 102.  Hill's

dissatisfaction with the outcome of those grievances is not what makes a remedy

unavailable.  Thus, Hill has not demonstrated that the grievance process was

unavailable under the first *Ross* exception.

Next, Hill argues that the defendants "intentionally and purposefully interfered

with [the] grievance process through threats and intimidation."  Doc. 49 at 3.  Hill relies

on allegations in his proposed amended complaint, which assert "[u]pon information and

belief," that "the Defendants intentionally destroyed Mr. Hill's grievance[s] to thwart his

access to the courts."  Doc. 44-1 ¶ 32.  As the Magistrate Judge outlines, "[t]here is no

support for these allegations in the record."  Doc. 48 at 10.  Hill does not provide any

specific dates or other identifying details to support his contention that his grievances

were mishandled.  Rather, the record supports that the grievance process was available

to Hill because he was able to file four grievances and each of these grievances

received replies.  Doc. 36-2 at 46, 88, 91, 106; *McDowell v. Bowman*, 2022 WL

4140331 (11th Cir. Sept. 13, 2022) (rejecting unavailability argument where the

grievances were accompanied by formal responses by prison officials).  Therefore, "the

record is clear that any retaliation or threats of retaliation did not deter [Hill] from

continuing to file grievances."  *Pavao v. Sims*, 679 F. App'x 819, 826 (11th Cir. 2017).

Hill fails to distinguish his circumstances from *Pavao*.  *See* Doc. 49 at 4.  Both Hill and

the prisoner in *Pavao* filed multiple grievances, despite their claim that threats and

intimidation by prison authorities made the grievance process unavailable.  679 F. App'x

at 826; Doc. 36-2 at 49, 79, 90, 102.  The Eleventh Circuit concluded the grievance

process was available because the prisoner was able to file multiple grievances—that

conclusion guides the Court's decision.  *Pavao*, 679 F. App'x at 826; *see also Montalban v. Samuels*, 2022 WL 4362800 (11th Cir. Sept. 21, 2022).  Thus, Hill has not demonstrated that the grievance process was unavailable under the third *Ross* exception.

Hill's motion to amend raises the same arguments proffered in his briefing on the motion to dismiss.  Because the Court concludes that the grievance process was available and that Hill failed to exhaust his administrative remedies, Hill's proposed amendments would be futile.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 48) is **ADOPTED** and made the Order of the Court.  Accordingly, the defendants' motion to dismiss (Doc. 36) is **GRANTED** and Hill's motion to amend (Doc. 44) is **DENIED**.

**SO ORDERED**, this 3rd day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT